| Debtor(s): | Kevin Ray Holland | Case Number: | 24-11284 |

United States Bankruptcy Court for the Western District of Louisiana: **Shreveport** Division

# Chapter 13 Plan - Western District of Louisiana                              12/2021

☑ Check here if this is an amended plan and list the plan sections that have changed and the reason for the change:

This plan is amended to cure the plan payment default. Part 2.2 is amended to reduce plan term and plan payments. Part 3.5 is amended to surrender the 2022 Indian FTR Sedan 1200 S to Performance Finance. Regarding the claim secured by the Debtor's 2022 Indian FTR Sedan 1200 S, the Trustee has disbursed $784.00 to Performance Finance and is directed to make no further disbursements. Part 4.3 is amended to add post petition attorney fee.

## Part 1: Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial division. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 14 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015 and LBR 3015-1. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan***

| | | |
|---|---|---|
| **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.** | ☐ Included | ☑ Not included |
| **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ☑ Not included |
| **Nonstandard provisions, set out in Part 9.** | ☑ Included | ☐ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1** **Applicable commitment period.** The applicable commitment period per Form 122C-1 is **3** years.

**2.2** **Regular plan payments.** Beginning no later than 30 days after the date the petition was filed, debtor(s) will make regular payments to the trustee for a total of **36** months as follows:

**$200.00** per month for **26** months.

If this is an amended plan, provide the following: **$2,141.00** in regular payments have been paid for the first **10** months of this plan.

| Debtor(s): | **Kevin Ray Holland** | Case Number: | **24-11284** |
|---|---|---|---|

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.3** **Source of regular payments.** Regular payments to the trustee will be made pursuant to a payroll deduction order unless otherwise excused by the trustee or the Bankruptcy Court.

**2.4** **Income tax returns and refunds.** During the pendency of this case, Debtor(s) will: (i) timely file all required income tax returns and (ii) provide the trustee with a copy of those returns within 10 days of filing. Debtor(s) will also pledge income tax refunds to the plan as follows:

> **From the Federal and State tax refunds and credits received during the applicable commitment period, Debtor(s) will turn over to the Chapter 13 Trustee any sum in excess of $972.84 annually. (This amount is the projected pro-rated monthly tax refund/credit amount designated on Schedule I multiplied by 12, plus any amounts not included in the disposable income calculation such as any Non-CMI income as defined by 11 U.S.C. 101(10A) and any other amounts which are not to be considered in the disposable income calculation pursuant to 11 U.S.C. 1325(b)(2) or elsewhere in the Bankruptcy Code.)**

**2.5** **Additional Payments (In addition to 2.2 above).**

*Check all that apply.*

☑ **None.** *If "None" is checked, the rest of § 2.5 need not be completed or reproduced.*

## Part 3: Treatment of Secured Claims

**3.1** **Maintenance of payments and cure of default on claims secured by real estate, if any.** (This Section should list secured claims to which §1322(b)(3) or (5) of the Code is applicable.)

*Check one:*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one:*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506 (11 U.S.C. §1325(a)(hanging paragraph) - 910 day Car Claim or 365 day Personal Property).**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4** **Lien Avoidance.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

Debtor(s): **Kevin Ray Holland**  Case Number: **24-11284**

☑ **Surrender of collateral.** The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the surrender of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral | Value |
|---|---|---|
| WFBNA Auto | 2016 Audi A4 | $15,750.00 |
| Performance Finance | 2022 Indian FTR Sedan 1200 S | $9,800.00 |

### Part 4: Treatment of Fees and Priority Claims

**4.1 General.** Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4, will be paid in full without post-petition interest.

**4.2 Trustee's fees.** Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 10% of plan payments.

**4.3 Debtor's Attorney's Fees.**

*Check One*

☑ Counsel has elected to be paid the fixed ("no-look") fee as authorized in the Western District of Louisiana.

☐ Counsel for debtor will submit an application for compensation and reimbursement of expenses in accordance with 11 U.S.C. § 330(a) and the applicable Bankruptcy Rules and Local Bankruptcy Rules for the Western District of Louisiana (the application should be noticed for hearing on the same day as the hearing on confirmation of this plan).

Based on the election above, the Debtor's attorney's fees are as follows:

(i) Fees for services through original confirmation:

| Attorney's Name | Total Fees | Fees Debtor paid pre-petition | Fees to be paid through the plan |
|---|---|---|---|
| Keith M. Welch | $4,450.00 | $0.00 | $4,450.00 |
| Keith M. Welch - Noticing Costs | $250.00 | $0.00 | $4,700.00 |

(ii) Fees for services after original confirmation:

| Attorney's Name | Description of Service * | Fee for Service | Fees to be paid through the plan |
|---|---|---|---|
| Keith M. Welch | Modified Chapter 13 Plan | $450.00 | $5,150.00 |

*"The "Description of Service" column should correspond to those allowed to be compensated under the court's order on fixed fees, or, if counsel has elected to submit a fee application, it should briefly describe the services for which counsel is seeking compensation.

The allowance of the requested attorney's fees and the timing of the allowance are subject to the approval of the court.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.**

| Debtor(s): | **Kevin Ray Holland** | Case Number: | **24-11284** |
|---|---|---|---|

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**4.6 Supplement to Paragraphs 4.4 and 4.5.**

For Trustee disbursed claims, to the extent that a proof of claim is filed for an amount less than the amount provided for in Paragraphs 4.4 and 4.5, the Trustee shall pay the lesser amount contained in the proof of claim.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. Unscheduled nonpriority unsecured debts to which a timely proof of claim is filed will be allowed unless objected to. All nonpriority debts on schedule E/F, and unsecured and undersecured debts on schedule D, are incorporated herein by reference.

Based upon the scheduled unsecured and undersecured claims in the amount of **$94,896.14**, it is anticipated unsecured creditors will be paid approximately **$600.00**, which is approximately **1** percent of their respective claims. However, the amount paid on any claim may vary depending on the actual filed and allowed claims.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid no less than **$585.00**. Payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

## Part 6: Executory Contracts, Unexpired Leases, and Unmodified Secured Debts paid per contract

**6.1 The executory contracts, unexpired leases, and Unmodified Secured Debts paid per contract listed here are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☑ **Assumed items or Direct Pay Unmodified Secured Debts.** Current installment payments will be disbursed either by the trustee or directly by the debtor, as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee.

| Name of Creditor | Property description | Current installment payment | Amount of arrearages to be paid (if any) | Number of Installments Remaining |
|---|---|---|---|---|
| **U.L. Coleman Properties** | **Residential Lease - Residential Lease** | **$825.00**<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s)<br>☐ Third Party (Name & Relationship to Debtor(s): _____ ) | | **12** |

## Part 7: Vesting of Property of the Estate

| Debtor(s): | **Kevin Ray Holland** | Case Number: | **24-11284** |
|---|---|---|---|

**7.1 Property of the estate will vest in the debtor(s) upon entry of discharge or dismissal.**

## Part 8: Other Plan Provisions

**8.1 Adequate Protection Payments.** Debtor(s) will pay adequate protection payments and/or lease payments as scheduled below to the trustee.

| Name of Creditor | Collateral | Adequate Protection Payment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**8.2 Changed Circumstances.** Debtor(s) shall fully and timely disclose to the trustee any change in income, marital status, domestic support obligation, employment, address, or financial recovery to which debtor(s) become entitled, including without limitation, claims for personal injury, employment, worker's compensation, unemployment compensation, inheritance, life insurance, lottery proceeds, or property settlements. These funds shall be treated upon motion by trustee, debtor(s), or any party in interest.

**8.3 Confirmation order controls.** To the extent there is any conflict between this Chapter 13 Plan and the Confirmation Order, the Confirmation Order shall control.

## Part 9: Nonstandard Plan Provisions

☐ *If "none" is checked, the rest of Part 9 need not be completed or reproduced.*

*Under Bankruptcy Rule 301 S(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Chapter 13 Plan Form for the Western District of Louisiana or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

The following plan provisions will be effective only if there is a check in the box "Included" in Part 1. of this plan.

1. Regarding the claim secured by the Debtor's 2022 Indian FTR Sedan 1200 S, the Trustee has disbursed $784.00 to Performance Finance and is directed to make no further disbursements.

## Part 10: Signatures

| /s/ Keith M. Welch | Date: | **09/26/2025** |
|---|---|---|

Signature of Attorney for Debtor(s)

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Official Chapter 13 Plan Form for the Western District of Louisiana, other than any nonstandard provisions included in Part 9.**

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION
***************************

| | | |
|---|---|---|
| IN RE: Kevin Ray Holland | : | Case No: 24-11284 |
| Debtor | : | Chapter 13 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **September 26, 2025,** I caused a copy of the foregoing **Modified Chapter 13 Plan** to be served on the following registered ECF participants, electronically through the court's ECF System at the email address registered with the court:

| | |
|---|---|
| Office of the U.S. Trustee | Daryl J. Smith, Chapter 13 Trustee |
| *USTPRegion05.SH.ECF@usdoj.gov* | *ecf@shrevech13.com* |

and also to all parties listed on the attached mailing matrix by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon through the third-party bankruptcy notice provider, BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.Bankr.P. 9001(9) and 2002(g)(4).

**Dated: September 26, 2025**    **By:**    /s/ Shanna B. Miller
                                                              Shanna B. Miller,
                                                              Legal Assistant to Keith M. Welch

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0536-5<br>Case 24-11284<br>Western District of Louisiana<br>Shreveport<br>Thu Sep 25 09:36:16 CDT 2025 | Kevin Ray Holland<br>8700 Millicent Way, #913<br>Shreveport, LA 71115-2254 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Performance Finance<br>10509 Professional Circle Ste 100<br>Reno, NV 89521-4883 | US DEPARTMENT OF EDUCATION C/O NELNET<br>121 S. 13TH STREET<br>LINCOLN NE 68508-1904 | Keith M. Welch<br>Simon, Fitzgerald, Cooke, et al<br>4700 Line Ave. Suite 200<br>Shreveport, LA 71106-1533 |
| Wells Fargo Bank N.A., d/b/a Wells Fargo Aut<br>PO Box 169005<br>IRVING, TEXAS 75016-9005 | End of Label Matrix<br>Mailable recipients    6<br>Bypassed recipients    0<br>Total    6 | |